UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MILAN KJALASAN,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>USA, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-00130-GMN-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. #1) |

　　　　Plaintiff Milan Kjalasan is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

　　　　Plaintiff has submitted the affidavit required by § 1915(a), but it does not appear Plaintiff qualifies to proceed in forma pauperis. Although he indicates he is not receiving a stable income, he reports having $8,000.00 in cash or a checking or savings account. In addition, he has not responded to questions 5, 6, 7, or 8 on the Application, and therefore, the court cannot determine whether or not Plaintiff qualifies to proceed in forma pauperis.

　　　　However, even if Plaintiff did qualify to proceed in forma pauperis, his complaint does not state a claim upon which relief can be granted. Once the court allows a plaintiff to proceed in forma pauperis, the court must screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing

///

its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Here, Plaintiff's complaint alleges that Plaintiff is "experiencing a rude and miserable abuse of [his] privacy in a period of a few years, starting in Macedonia, continuing on any location after including Afghanistan, and in USA executed by a LEGAL USA and Macedonian Government Agencies." Complaint at 1:18-21. Plaintiff has not stated a basis for the court's jurisdiction, nor has he alleged any cognizable claim, or set forth any facts to support that claim. Additionally, Plaintiff has not requested any relief other than stating he "need[s] a resolution of this situation as soon as possible expecting that in the legal procedure." *Id.* at 1:22-24.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff has not alleged federal jurisdiction exists in this case. No federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists. Plaintiff has also not asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2

Additionally, the allegations in the complaint lack an arguable basis in law and fact, and the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of frivolousness is warranted where the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *see also Ashcroft v. Iqbal*, 556 U.S. at 678.  A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570.  Plaintiff has not set forth any specific claim in the complaint, nor has he named any particular defendant, or stated when any of this alleged conduct occurred. Because Plaintiff's complaint does not set forth a plausible claim, even if he did qualify to proceed in forma pauperis, it would be recommended that the complaint be dismissed with prejudice.

Leave to amend would not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts.  *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS RECOMMENDED**:

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) be DENIED.

2. The Clerk of Court be directed to file the complaint but not issue summons.

3. Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 27th day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

3

1 objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing
2 to object to the findings and recommendations of a magistrate judge shall file and serve *specific*
3 *written objections* together with points and authorities in support of those objections, within
4 fourteen days of the date of service of the findings and recommendations.  The document should
5 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties
6 are advised that failure to file objections within the specified time may waive the right to appeal
7 the district court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and
8 authorities filed in support of the specific written objections are subject to the page limitations
9 found in LR 7-4.